

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXN
ATTORNEY GENERAL

Honorable W. A. Davis, State Registrar
Texas State Board of Health
Austin 2, Texas

Dear Sir:

Opinion No. 0-6751
Re: Questions relative to operation
under provisions of House Bill
No. 415, enacted by the 49th
Legislature as an amendment to
subdivision 25 of Rule 47a of
Article 4477, V.A.C.S.

We are in receipt of your recent request for an opinion of this department on the above subject. Your questions are as follows:

"(1) Does this act (House Bill No. 415) apply to the County Clerk? If not, is the County Clerk authorized by law to issue such copies without a court order?

"(2) Should the request for such a copy be submitted as a formal petition to the court? If so, what fees should be collected in connection with the consideration of the petition and the issuance of the order?

"(3) May such a request be considered and order issued by a court not in session?

"(4) Does the term 'a court of competent jurisdiction' include the District Court?

"(5) Does 'a court of competent jurisdiction' have authority to issue an order applying to a certificate from a county other than that in which the court is located?

"(6) May an illegitimate person, his guardian, or his legal representative secure such a copy without a court order?

"(7) May any other person than an illegitimate, his guardian, or legal representative secure such a copy?

"(8)  What procedure must the mother of an illegitimate adopt in order to secure a copy of her child's birth certificate?"

The pertinent part of the statute involved, before its recent amendment, appeared as follows:

Art. 4477, V.A.C.S.T.

Rule 47a . . . . "(25)and provided that the name of the father or any information by which he might be identified, shall not be written into the birth or death certificate of any illegitimate child, and provided further, that any statement the father of an illegitimate child wishes to make as to its parentage, may, when placed in the form of an affidavit, be attached to the original birth record.  Neither the State Registrar nor any local Registrar shall issue a certified copy of any birth or death certificate wherein a child or an adult is stated to be illegitimate, unless such certified copy is ordered by a court of competent jurisdiction."

The 49th Legislature amended said subdivision (25) of Rule 47a of Article 4477, V.A.C.S.T., supra, by the enactment of House Bill No. 415 (on page 618, 1945, Vernon's Texas Session Law Service) which became effective as a law June 18, 1945, the provisions of same being as follows:

"Chapter 354

"H.B. No. 415

"An act to amend Section 3 of Chapter 4, Acts of the First Called Session, Forty-first Legislature, 1929, (subdivision 25 of Rule 47a of Article 4477, Vernon's Annotated Civil Statutes) so as to give a Court of competent jurisdiction and the county court in the county where the birth or death occurred authority to order the County Clerk and the State Registrar to issue a certified copy of any birth or death certificate wherein a child or adult is stated to be illegitimate, and authorizing the County Clerk to deliver, at the request of said illegitimate person or of their guardian or legal representative, a certified copy of such certificate; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That Section 3 of Chapter 4, Acts of the First Called Session, Forty-first Legislature, 1929, (subdivision 25 of Rule 47a of Article 4477, Vernon's Annotated Civil Statutes) be and the same is hereby amended so as to hereafter read as follows:

"'Section 3. That Section 14 of Chapter 41 of the Acts of the Fortieth Legislature, passed at its First Called Session, be, and the same is hereby amended by adding thereto Subdivision 25, which subdivision shall read as follows:

"'(25) And provided that the name of the father, or any information by which he might be identified, shall not be written into the birth or death certificate of any illegitimate child; and provided, further, that any statement that the father of an illegitimate child wishes to make as to its parentage, may, when placed in the form of an affidavit, be attached to the original birth record. Neither the State Registrar nor any local Registrar shall issue a certified copy of any birth or death certificate, wherein a child or an adult is stated to be illegitimate, unless such certified copy is ordered by the County Court in the county in which said child was born or died, or by a Court of competent jurisdiction, or by said illegitimate person or the guardian or legal representative thereof.'

"Sec. 2. The fact that there is confusion as to whether the County Court would have authority to enter an order authorizing the County Clerk or State Registrar to issue certified copies of birth or death certificates of illegitimate persons, and the fact that said illegitimate person cannot get a certificate of its birth upon request, nor can a certificate of death be obtained except upon order of the Court, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted."

For reasons hereinafter stated, the only effect of the above amendment is to authorize the County Court in the county in which the illegitimate child was born or died to order the issuance of certified copies of birth or death certificates wherein a person is stated to be illegitimate, and to prohibit the issuance of same by the State Registrar without such order.

Under the old law (subdivision 25 of Rule 47a of Art. 4477) wherein authority to order the issuance of instruments of this nature was given only to a "court of competent jurisdiction", this department held in Opinion No. 0-5103 to the effect that the district courts had such jurisdiction under and by virtue of Section 8 of Art. 5 of the Constitution of Texas in that the action involved was one for which jurisdiction is not provided by law. Also, in our Opinion No. 5103-A it was held that a County Court was not a court of competent jurisdiction within the meaning of said statute. Now, since the enactment of the above amendment the County Court in the county in which the illegitimate person was born or died has exclusive original jurisdiction of an action to procure the birth or death certificate of such illegitimate person and as jurisdiction is now provided by law, the district court no longer is a "court of competent jurisdiction" in respect to original jurisdiction. See Opinion No. 0-6783, a copy of which has been furnished you.

Said House Bill No. 415, supra, is defective insofar as same by its title attempts to give the County Clerk authority, under circumstances therein set out, to issue such birth or death certificates, for the reason that no mention is made in the body of the bill of the County Clerk. However, the fact that the title of said bill is broader than the body does not render the bill void as to the provisions contained therein which were also contained in the title. See 39 Tex. Jur. 99. But we deem it unnecessary that any such authority be given the County Clerk to issue certified copies of any record contained in his office as the County Clerk has had such authority since the creation of his office, given by general law. We believe this view is amply sustained by our Opinions Nos. 0-1386 and 0-3775. The title of said House Bill 415 also states among other things that such bill is to give the county court authority to order the State Registrar "to issue a certified copy of any birth or death certificate wherein a child or adult is stated to be illegitimate", but does not include any authority for the State Registrar without a court order to issue such certified copies at the request of the illegitimate person or his guardian or legal representative. It follows then that the provision in the body of said Bill purporting to give said State Registrar power to issue such certified copies without a court order at the request of the illegitimate person or his guardian or legal representative is invalid and of no force and effect. It also follows that the provision in the body of such Bill purporting to give "any local Registrar" such authority is also invalid as same is not contained in the title of said Bill. 39 Tex. Jur. 100-101.

Therefore, each of the following paragraphs answer the correspondingly numbered questions submitted by you.

(1)  Said House Bill No. 415 confers no power on the County Clerk, neither does it restrict him in any way from issuing certified copies of records contained in his office.

(2)  The filing of a petition is the general way in which an action for judgment is commenced in the County Court.  See $^T$ex. Jur. 684.  We believe this the proper method to pursue when seeking to obtain said order.  The same fees should be collected as provided by statute for other similar civil suits filed in such court.

(3)  It is a general rule that, in the absence of some law permitting court action at another time, all judicial proceedings should be conducted during a term while the court is in session.  There is no law permitting this action to be held in vacation by the County Court.  11 Tex. Jur. 800.

(4)  No, this is fully explained hereinbefore.

(5)  There is no court of competent jurisdiction in these matters other than the county court of the county in which the illegitimate person in question was born or died.  Such county court may direct its order to the county clerk of the county in which such illegitimate person was born or died, or to the State Registrar in Travis County, Texas.

(6)  No, if it is assumed you mean securing a copy of the birth or death certificate of an illegitimate person from the State Registrar.

(7)  Not without an order of the County Court of the county in which the illegitimate person was born or died.

(8)  In order to obtain such copy from the State Registrar, she must obtain a court order as explained in our answer to question No. 2 herein.

Of the opinions referred to herein, No. 0-3775 was addressed to you; a copy of No. 0-6783 has been sent you; and we herewith enclose copies of Nos. 0-1386, 0-5103 and 0-5103-A.

                                   Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                              By
                                 Robert L. Lattimore, Jr.,
                                 Assistant

RLL:zd/jd/wc
Encl.


APPROVED NOV. 8, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee by BWB Chairman